UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SHANE A. DELAGRANGE, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> SUPERINTENDENT, INDIANA ) <br> STATE PRISON, ) <br> ) <br> Respondent. ) | CAUSE NO. 3:09-CV-207 JVB |

**OPINION AND ORDER**

Petitioner Joseph Delagrange submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. In his petition he did not assert that his conviction was invalid. Instead, Delagrange alleged he was due credit time for a bachelor's degree and requested that he be released to DeKalb County to begin probation. The Respondent's return to order and attachments establish that after he filed his petition, the Indiana Department of Correction gave Delagrange credit time for his bachelor's degree, and released him to probation on July 30, 2009. (DE 8-2). The Respondent argues that the Petitioner's release renders this action moot; the Petitioner has not filed a traverse.

An action becomes moot when an event happens while the case is pending that renders it impossible for the court to grant any relief to a prevailing party. When this occurs, the case must be dismissed. *Cornucopia Institute v. United States Department of Agriculture*, 560 F.3d 673, 676 (7th Cir. 2009). A habeas corpus action filed while a person is in custody does not automatically become moot when the person is released if that person suffers sufficient collateral consequences from the sentence. *Cochran v. Buss*, 381 F.3d 637, 640 (7th Cir. 2004). Collateral consequences include "'some concrete and continuing injury other than the now-ended incarceration or parole - some 'collateral consequence' of the conviction - must' exist to maintain the suit." *Id*. (citing *Spencer v. Kemna*, 523 U.S. 1, 7-8, 118 S.Ct. 978, (1998)). In *Spencer*, the petitioner brought a habeas action

while in custody claiming he was wrongfully convicted and imprisoned. While the petition was pending, Spencer was released from custody and the Court held that the petition was not moot because the issue of the petition, wrongful conviction, held concrete and on-going collateral consequences. *Id.*

If Delagrange were challenging the validity of his conviction, his release from custody after filing a petition for writ of habeas corpus would not render his petition moot under the holding of *Spencer*. In his petition, however, Delagrange challenged only the denial of credit time he believed he earned from receiving a bachelor's degree and he requested that he be released to begin probation. The Respondent's uncontested return to order, meaning that Delagrange did not contest the facts stated in the return order by filing a traverse, establishes that the Indiana Department of Correction has given him credit time for his bachelor's degree and has released him to probation. So, unlike *Spencer*, Delagrange is not challenging his conviction, and having been afforded his education earned credit time and released to probation, he faces no on-going collateral consequences. Accordingly, there is no further relief that could be granted by the Court in this action, and this petition is moot.

For the foregoing reasons, the court DISMISSES this petition as moot.

SO ORDERED on October 7, 2009

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT COURT
HAMMOND DIVISION