# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| SHANE A. DELAGRANGE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:09-CV-207 JVB |
| | ) | |
| SUPERINTENDENT, INDIANA | ) | |
| STATE PRISON, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

      Petitioner Shane Delagrange submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. In his petition, Delagrange did not assert that his conviction was invalid. Instead, he alleged he was due credit time for a bachelor's degree and requested that he be released to DeKalb County to begin probation. The Respondent's return to order and attachments established that the Indiana Department of Correction had given Delagrange credit time for his bachelor's degree, and released him to probation on July 30, 2009 [DE 8-2]. The Respondent argued that the petition should be dismissed because the Petitioner's release rendered this action moot.

      In its Opinion and Order [DE 14], the Court granted the Respondent's request to consider this petition moot, noting that if Delagrange were challenging the validity of his conviction, his release from custody after filing a petition for writ of habeas corpus would not render his petition moot under the holding of *Spencer v. Kemna,* 523 U.S. 1, 7–8 (1998). Delagrange, however, challenged only the denial of credit time he believed he earned from receiving a bachelor's degree and he requested that he be released to begin probation. Unlike *Spencer*, Delagrange was not challenging his conviction, and having been afforded his education earned credit time and

released to probation, he faced no on-going collateral consequences. Because there was no further relief that could be granted by the Court in this action, this Court concluded that Delagrange's petition was moot.

The Petitioner has filed a request for the reversal of the dismissal of his petition, which the Court construes as a motion for relief from judgment pursuant to Fed. R. Civ. P. 59(e). The Petitioner first argues that in the first line of its Opinion and Order the Court referred to him as "Joseph Delagrange" [DE 16 at 1]. He does not state how this would require reinstatement of his claim. As the Respondent notes, pursuant to Federal Rule of Civil Procedure 60(a), a court may correct a clerical error whenever one is found in a judgment, order or other part of the record. Accordingly, the Court will correct this clerical error in the Court's Opinion and Order.

In paragraphs two and three of his motion for relief from judgment, the Petitioner argues that the Court's Opinion and Order of October 7, 2010, states that the petitioner did not file a traverse to the Respondent's return to order [DE 16 at 1] and that "the question of wrongful incarceration was not answered and needs to be addressed" (*Id.*) The statement that the Petitioner did not file a traverse is a simple statement of fact. The docket establishes that the Delagrange did not file a traverse or any other response to the return to order. As to his claim that the question of wrongful incarceration needs to be addressed, the Petitioner does not present any argument why the mootness doctrine does not preclude dealing with the merits of his petition.

In paragraph 4, the Petitioner argues that the Respondent did not release him until after this Court entered its order to show cause, and in paragraph 5 he suggests that the Respondent "confessed" his guilt by releasing the Petitioner without an order of the Court. But that the Respondent may not have given the Petitioner the educational credit time he sought until after this Court entered its Order to Show Cause is immaterial to the fact that doing so rendered his petition for writ of habeas corpus moot.

Finally, in paragraph six of his motion for relief from judgment, Delagrange "argues that Respondent owes the Petitioner for the one hundred three days of wrongful incarceration and for the year prior to his release for the pain, suffering, and humiliation" he suffered [DE 16 at 2]. But the Petitioner is seeking relief in this paragraph that is not available in a § 2254 action. In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the United States Supreme Court considered the relationship between 42 U.S.C. §1983 and 28 U.S.C. §2254, and concluded that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, while damage claims must be brought in § 1983 actions. *Id.* at 488-90. If Delagrange seeks damages for the pain, suffering, humiliation, or other harm he may have suffered as a result of the delay by prison officials in recognizing and awarding his educational credit time for a bachelor's degree he earned, he must file a complaint pursuant to 42 U.S.C. § 1983.

For the foregoing reasons, pursuant to Federal Rule of Civil Procedure 60(a), the Court corrects the clerical error in the Court's opinion and order by noting that the Petitioner's given name is Shane, not Joseph. The Court DENIES the Petitioner's request for the reversal of dismissal of his petition for writ of habeas corpus [DE 16].

SO ORDERED on September 14, 2010.

S/ Joseph S. Van Bokkelen
JOSEPH S. VANBOKKELEN
UNITED STATES DISTRICT COURT
HAMMOND DIVISION